**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ATHENA INNOVATIVE SOLUTIONS, INC. (formerly MZM, INC.),**
**1523 New Hampshire Ave., N.W.**
**Washington, DC 20036,**

**Plaintiff,**

**vs.**

**KAY COLE JAMES,**
**901 South 15th Street**
**Apartment 909**
**Arlington, VA 22202-5037,**

**Defendant.**

**Civil Action No. __________**

# COMPLAINT

PLAINTIFF, Athena Innovative Solutions, Inc. (formerly MZM, INC.), by and through the undersigned counsel, presents this complaint against Defendant Kay Cole James:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 USC § 1332 (a)(1). The Plaintiff is diverse to Defendant and this action is for damages in excess of $75,000 exclusive of interest, costs and attorney's fees.

2. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (a)(2) because a substantial portion of the acts and omissions giving rise to this Complaint occurred in the District of Columbia.

**PARTIES**

3. Plaintiff Athena Innovative Solutions, Inc., formerly, and at all times relevant to the matter *subjudice*, MZM, INC., (hereinafter "MZM") is a corporation duly organized and existing under the laws of the State of Delaware with its principal office and place of business located in Washington, D.C. MZM is engaged in the business of, among other things, providing products and services addressing national security issues.

4. Upon information and belief, Defendant Kay Cole James is a citizen of Arlington, Virginia. Defendant is a former employee of MZM.

**FACTUAL ALLEGATIONS**

5. On or about April 6, 2005, Defendant entered into an employment agreement with MZM in which Defendant agreed to a term of employment for three years, beginning May 2, 2005. Defendant's starting title was "Senior Executive Vice President for National Security Transformation," and her annual base compensation was $350,000.00.

6. In addition to her salary, Defendant received a signing bonus of $150,000.00. According to the terms of the employment agreement, the bonus was subject to a pro rated reimbursement in the event that Defendant left MZM prior to completion of her agreed upon three-year term of employment.

7. The employment contract provided that the pro-rated amount would be calculated by determining the percentage of days remaining in the term of

employment at the time of departure as compared to the total number of days that comprise the full term of employment.

8. The employment agreement also contained a covenant not to compete for three years following the date of termination of the employment agreement.

9. On or about June 16, 2005, MZM provided an addendum to the original employment agreement of April 6, 2005. The addendum stated that Defendant's title would change to "Chief Operating Officer" effective June 16, 2005. Defendant thereafter was to report directly to the Chief Executive Officer/President of MZM, and her annual base compensation increased to $500,000.00. Defendant signed and dated the addendum.

10. On or about June 24, 2005, Defendant submitted a letter of resignation to MZM.

11. Accordingly, and consistent with the clear terms of Defendant's employment agreement, on or about July 8, 2005, MZM sent a letter to Defendant demanding return of the pro-rata portion of the signing bonus within ten (10) days. Using the criteria set forth in the agreement, the amount due was calculated to be Eighty Three Thousand Five Hundred Ninety Nine dollars and Seventeen cents ($83,599.17). The letter reiterated Defendant's obligation of confidentiality, but released her from the three-year non-competition agreement.

12. Defendant has not paid MZM the amount owed.

**COUNT I**

**BREACH OF CONTRACT**

13. MZM repeats and re-alleges, and incorporates by reference, each of the allegations contained in Paragraphs 1 through 12.

14. MZM and Defendant executed a signed contract in which Defendant agreed to reimburse MZM with the appropriately pro-rated portion of the $150,000.00 signing bonus if Defendant prematurely terminated the employment agreement with MZM for any reason.

15. Defendant breached the employment agreement by resigning thirty-four months prior to its completion and failing to return the appropriate portion of the bonus money to MZM.

**COUNT II**

**UNJUST ENRICHMENT**

16. MZM repeats and re-alleges, and incorporates by reference, each of the allegations contained in Paragraphs 1 through 15.

17. As a result of Defendant's failure to reimburse MZM with the pro-rated amount of the $150,000.00 bonus, MZM has conferred a benefit upon Defendant worth Eighty Three Thousand Five Hundred Ninety Nine dollars and Seventeen cents ($83,599.17).

18. Defendant had an appreciation and knowledge of the benefit conferred by MZM.

19. Defendant accepted and/or retained the benefits conferred upon it by MZM.

20. Under the circumstances, it is inequitable for Defendant to retain the benefits conferred upon it by MZM without payment to MZM of the fair value of such benefits.

**COUNT III**

**CONVERSION**

21. MZM repeats and re-alleges, and incorporates by reference, each of the allegations contained in Paragraphs 1 through 20.

22. Defendant exercised unauthorized ownership, dominion and control over MZM's property by failing to reimburse Eighty Three Thousand Five Hundred Ninety Nine dollars and Seventeen cents ($83,599.17).

**PRAYER FOR RELIEF**

WHEREFORE, MZM demands judgment against defendant Kay Cole James in the amount of Eighty Three Thousand Five Hundred Ninety Nine dollars and Seventeen cents ($83,599.17), together with interest according to law, the costs of this action, reasonable attorney's fees, expenses of the litigation, and such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues triable in the case captioned above.

Respectfully submitted,
LAW OFFICE OF MARK A. SMITH, LLC

Mark A. Smith (Bar #: 439116)
Law Office of Mark A. Smith, LLC
1785 Massachusetts Avenue, N.W.
Suite 100
Washington, D.C. 20036
(202) 776-0022
marksmith@masmithlaw.com
Attorney for Plaintiff

Dated: October 13, 2005