IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATHENA INNOVATIVE SOLUTIONS, )<br>INC. (formerly MZM, INC.), )<br>　　1523 New Hampshire Ave., N.W. )<br>　　Washington, DC 20036, )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>v. )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>KAY COLES JAMES, )<br>　　9931 South Park Circle<br>　　Fairfax Station, VA 22039,<br><br>　　　　　Defendant. | Case No. 1:05CV02026<br>Judge: John D. Bates<br>Deck Type: Contract |

## ANSWER AND COUNTERCLAIM

Defendant Kay Coles James ("Ms. James" or "Defendant"), by counsel, for her Answer to the Complaint filed by Plaintiff Athena Innovative Solutions, Inc. (formerly MZM, Inc.) ("MZM" or "Plaintiff"), states as follows:

Parties, Jurisdiction and Venue

　　1.　　This paragraph contains conclusions of law which require no answer.

　　2.　　This paragraph contains conclusions of law which require no answer.

　　3.　　Upon information and belief, Defendant admits the allegations of paragraph 3.

　　4.　　Defendant denies that she is a citizen of Arlington, Virginia. Defendant admits the remaining allegations of paragraph 4.

**Factual Background**

5.  Defendant admits that on or about April 6, 2005, she entered into an employment agreement with MZM (the "employment agreement"). Defendant further states that the language of the employment agreement speaks for itself. To the extent that the remaining allegations in paragraph 5 differ from the express language of the employment agreement, said allegations stand denied.

6.  Defendant admits that she received a signing bonus of $150,000.00. Defendant further states that the language of the employment agreement speaks for itself. To the extent that the remaining allegations in paragraph 6 differ from the express language of the employment agreement, said allegations stand denied.

7.  Defendant states that the language of the employment agreement speaks for itself. To the extent that the allegations in paragraph 7 differ from the express language of the employment agreement, said allegations stand denied.

8.  Defendant states that the language of the employment agreement speaks for itself. To the extent that the allegations in paragraph 8 differ from the express language of the employment agreement, said allegations stand denied.

9.  Defendant admits that on or about June 16, 2005, MZM provided an addendum to the original employment agreement of April 6, 2005, which she signed and dated (the "addendum"). Defendant further states that the language of the addendum speaks for itself. To the extent that the allegations in paragraph 9 differ from the express language of the addendum, said allegations stand denied.

10. Defendant admits that on or about June 24, 2005, she submitted a letter of resignation to MZM.

11. With respect to the first sentence of paragraph 11, Defendant admits, upon information and belief, that MZM sent her a letter on or about July 8, 2005, demanding return of the pro-rata portion of the signing bonus within ten (10) days (the "July 8 letter"). The remainder of paragraph 11 contains a characterization of the July 8 letter and conclusions of law which require no answer. Defendant further states that the language of the July 8 letter speaks for itself. To the extent that the remaining allegations in paragraph 11 differ from the express language of the July 8 letter, said allegations stand denied.

12. Defendant denies the allegations of paragraph 12.

## Count I (Breach of Contract)

13. Defendant incorporates by reference its responses to paragraphs 1 through 12.

14. With respect to the allegations of paragraph 14, Defendant admits signing the referenced employment agreement but states that the language of the employment agreement speaks for itself. To the extent that the allegations in paragraph 14 differ from the express language of the employment agreement, said allegations stand denied.

15. Defendant denies the allegations of paragraph 15.

### Count II (Unjust Enrichment)

16. Defendant incorporates by reference its responses to paragraphs 1 through 15.

17. Paragraph 17 contains a characterization of the action and conclusions of law which require no answer. To the extent a response is required, Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

### Count III (Conversion)

21. Defendant incorporates by reference its responses to paragraphs 1 through 20.

22. Defendant denies the allegations of paragraph 22.

Defendant denies each and every allegation not expressly admitted above.

### Affirmative Defenses

1. Plaintiff's Complaint fails to state any claim upon which relief may be granted.

2. Plaintiff's claims are barred because Defendant was excused from performance under the employment agreement.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of setoff and/or recoupment.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

7. Plaintiff's claims are barred, in whole or in part, by the failure of consideration and by the failure of conditions precedent to the performance of Defendant's obligations.

8. Plaintiff's claims are barred, in whole or in part, for failure to mitigate damages.

9. Plaintiff's claims are barred by release.

10. Plaintiff's claims are barred by accord and satisfaction.

11. Plaintiff's claims are barred by the parties' mutual mistake of fact.

12. Plaintiff's claims are barred by Plaintiff's own breach of contract.

13. Plaintiff's claims are barred by Plaintiff's own failure to perform.

14. Plaintiff's claims are barred by Plaintiff's own contributory negligence.

15. Plaintiff's claims are barred by the doctrine of promissory estoppel.

16. Plaintiff's claims are barred by the doctrine of equitable estoppel.

17. Plaintiff's claims are barred by fraud.

18. Plaintiff's claims are barred by illegality.

19. Plaintiff's claims are barred by Plaintiff's bad faith and tortious misconduct.

20. Plaintiff's claims are barred by oral modifications to the written contract.

WHEREFORE, Defendant demands judgment dismissing the Complaint and awarding attorneys' fees, court costs, expenses, and such other relief as may be appropriate, to Defendant.

## COUNTERCLAIM

For its counterclaim against Plaintiff Athena Innovative Solutions, Inc. (formerly MZM, Inc.) ("MZM"), Defendant Kay Coles James alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this counterclaim pursuant to 28 USC § 1332(a) (1). Venue is proper in this Court pursuant to 28 USC § 1391(a) (2) in that a substantial portion of the acts and omissions giving rise to this counterclaim occurred in the District of Columbia.

### Background

2. The parties entered into the employment agreement that is the subject of Plaintiff's Complaint on or about April 6, 2005. Prior to accepting a position with MZM, Ms. James spent over twenty years building a distinguished career in public service. Among other positions, she served as a senior fellow at the Heritage Foundation, senior vice president of the Family Research Council, and a Cabinet secretary for then-Virginia Governor George Allen. Most recently, before accepting the position with MZM, Ms. James was the Director of the United States Office of Personnel Management ("OPM"). Ms. James was nominated to serve as OPM's Director by President George W. Bush.

3. Ms. James left her position with OPM effective January 31, 2005. During February and March 2005, Ms. James participated in approximately two in-person meetings and two telephonic conferences with then-MZM Chief Executive Officer and President Mitchell J. Wade ("Wade") concerning possible employment with MZM.

4. Wade knew that Ms. James sought to affiliate only with a private company that adhered to high ethical and moral standards. In an effort to persuade Ms. James to accept a position with MZM, Wade made various representations to her about the company's, and his own, ethical and moral standards. Specifically, during their discussions in February and March 2005, Mr. Wade represented that neither he nor MZM would ever do anything illegal, immoral or unethical.

5. In reliance on Wade's representations concerning the standards adhered to by himself and MZM, Ms. James accepted a position with MZM on or about April 6, 2005, by executing the employment agreement.

6. As set forth in the employment agreement, Ms. James' starting title was "Senior Executive Vice President for National Security Transformation" and her annual base compensation was $350,000.00. In addition to her salary, Ms. James received a signing bonus of $150,000.00.

7. Ms. James was considered a valuable addition to MZM. In a news release issued following her hire, Wade said "[w]e look forward to Ms. James providing the same quality leadership for the employees and clients of MZM Inc. as she has so successfully demonstrated on behalf of our country."

DC:50375753.1

8.      By June 2005, however, MZM was under federal scrutiny after reports that Wade bought the home of United States Representative Randall "Duke" Cunningham ("Cunningham") in 2003 and sold it for a $700,000 loss. Reports also revealed that Wade allowed the lawmaker to stay on his yacht rent free.

9.      On or about June 16, 2005, Wade met with Ms. James and requested that she assume the position of Chief Operating Officer of MZM. In discussions held prior to this meeting, Ms. James asked Wade whether there were any additional instances of allegedly illegal, immoral and/or unethical conduct undertaken by himself or the company, other than those already reported, of which she should be aware. In an effort to persuade Ms. James to continue on with MZM, Wade responded that there were no such additional instances.

10.     In reliance on these and other representations made by Wade, Ms. James agreed to become MZM's Chief Operating Officer. To memorialize this transaction, MZM provided an addendum to the original employment agreement of April 6, 2005. The addendum stated that Ms. James' title would change to "Chief Operating Officer" effective June 16, 2005, and her annual base compensation increased to $500,000.00. Ms. James signed and dated the addendum in reliance on Wade's previous statements. Thereafter, Wade stepped down as Chief Executive Officer and President of MZM.

11.     Following Wade's resignation, Ms. James reported directly to the new President and Chief Executive Officer of MZM, Col. Frank Bragg.

12. Contrary to Wade's representations, Ms. James subsequently learned of additional instances of allegedly illegal, unethical and/or immoral conduct by Wade and MZM. Among other information, between June 17 and June 22, 2005, Ms. James learned of published reports stating that Wade had pressured MZM employees to donate to a political fund that benefited Cunningham and other members of Congress, in violation of federal election law.

13. Thereafter, on or about June 24, 2005, Ms. James submitted a letter of resignation to MZM. In her resignation letter, Ms. James specifically stated her belief that Wade had "engaged in conduct that he had substantial reason to believe would cause harm to my reputation if discovered or willfully disclosed." In addition, she stated that Wade "misrepresented the circumstances that led to my eventual employment less than two months ago."

Count I
(Fraud in the Inducement - Employment Agreement)

14. Ms. James incorporates the allegations of paragraphs 1 through 13 of the Counterclaim.

15. MZM, through its President and Chief Executive Officer, Wade, knowingly and falsely represented to Ms. James that neither Wade nor the company was or had been engaged in any illegal, immoral or unethical conduct. MZM, through Wade, made such false representations with the specific intent to deceive Ms. James into entering an employment agreement with MZM.

DC:50375753.1

16. Ms. James executed her employment agreement with MZM in reliance on Wade's representations.

17. As a direct result of MZM's fraudulent and intentional misrepresentations in connection with her employment agreement, Ms. James has incurred actual damages, including the costs of defending herself in this lawsuit, the loss of contracted for compensation, and such other damages as will be proven at trial.

18. MZM's actions constitute fraudulent inducement for which it is liable to Ms. James for her losses as a result of the fraud.

### Count II
(Fraud in the Inducement - Addendum to Employment Agreement)

19. Ms. James incorporates the allegations of paragraphs 1 through 18 of the Counterclaim.

20. After MZM fell under federal scrutiny in approximately June 2005, MZM, through Wade, knowingly and falsely represented to Ms. James that there were not any additional instances of illegal, immoral or unethical conduct of which she needed to be aware. MZM, through Wade, made such false representations with the specific intent to deceive Ms. James into executing the addendum to her employment agreement with MZM.

21. Ms. James executed the addendum to her employment agreement with MZM in reliance on Wade's representations.

22. As a direct result of MZM's fraudulent and intentional misrepresentations in connection with the addendum to her employment agreement, Ms. James has incurred

DC:50375753.1

actual damages, including the costs of defending herself in this lawsuit, the loss of contracted for compensation, and such other damages as will be proven at trial.

23.     MZM's actions constitute fraudulent inducement for which it is liable to Ms. James for her losses as a result of the fraud.

WHEREFORE, Kay Coles James requests that the Court enter judgment against MZM granting the following relief:

(a)     An award of damages in an amount to be proven at trial;

(b)     An award of Ms. James' court costs, reasonable attorneys' fees and expenses; and

(c)     An award of such other and further relief as may be just and proper.

<u>Demand for Jury Trial</u>

Defendant/Counterclaim Plaintiff demands a trial by jury on all issues triable in the above captioned case.

Respectfully submitted,

/s/

_____

Joanne L. Zimolzak (D.C. Bar No. 452035)
J. Randolph Evans (D.C. Bar No. 479222)
McKENNA LONG & ALDRIDGE, L.L.P.
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

Attorney for Defendant Kay Coles James

DC:50375753.1

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Answer and Counterclaim was served this 22nd day of November, 2005, by first class mail, postage prepaid, to the following:

>Mark A. Smith, Esq.
>Law Office of Mark A. Smith, LLC
>1785 Massachusetts Avenue, N.W.
>Suite 100
>Washington, DC 20036
>(202) 776-0022

                /s/

                _____
                Joanne L. Zimolzak

DC:50375753.1